UMBERT V. POMILIO and MARY C. POMILIO,
Plaintiffs Below, Appellants,

*vs.*

ALEXIS A. CASERTA and JULIA CASERTA,
Defendants Below, Appellees.

*Supreme Court, On Appeal, December 28, 1965.*

*John Biggs, III,* Wilmington, for plaintiffs below, appellants.

*James P. Collins,* of Metten, Healy & Collins, Wilmington, for defendants below, appellees.

WOLCOTT, C. J., and CAREY and HERRMANN, JJ., sitting.

HERRMANN, Justice: This is a property-line encroachment case involving the discretionary nature of the mandatory injunction sought to compel the removal of the encroachment.

The basic facts are these:

The parties are owners of adjoining residential lots, subject to a side-yard building restriction prohibiting building within "ten feet of any dividing line of any adjoining lot or parcel of land." In 1952, the defendants acquired their lot and built their home thereon. The next year, the plaintiffs purchased the adjoining lot and built their home. In 1956, the defendants constructed an addition to their house, consisting of a porch and recreation room, facing the plaintiffs' property. A portion of the addition was constructed within seven

feet of the boundary line between the two parcels of land in violation of the restriction, about three feet of the addition protruding into the ten feet restricted side-yard area. The plaintiffs—then next-door neighbors—were aware of the new construction but made no inquiry or protest as to the effect thereof on the side yards. Shortly after the addition was completed, the parties cooperated in the erection of a brick retaining wall with steps, running midway between the new addition and the plaintiffs' building. Other facts appear in the Chancery Court's opinion reported at 206 *A.2d* 850.

The plaintiffs say—and it is accepted for present purposes— that they did not have actual knowledge of the encroachment until 1962. In April 1963, about seven years after the addition was constructed, the plaintiffs commenced this action seeking a mandatory injunction to compel removal of the encroachment and other relief. The Chancery Court granted the defendants' motion for summary judgment, dismissing the complaint "with prejudice to the extent that mandatory relief was therein sought", and reserving jurisdiction "to decide plaintiffs' claim for money damages." The plaintiffs appeal.

At the outset, we observe that the judgment below amounts to the grant of partial summary judgment rather than a dismissal of the complaint. See *Chancery Rule* 56(d), *Del.C.Ann.* This is clear from the Order and the opinion of the Court below. Accordingly, we disregard all arguments premised upon dismissal of the complaint.

The question comes down to whether the Chancery Court properly denied injunctive relief, relegating the plaintiffs to their claim for money damages.

There is no right to an injunction as a matter of course; and this is especially so as to the mandatory writ which is issuable only in the exercise of extraordinary judicial caution. The granting or refusal of final injunctive relief rests within the sound judicial discretion of the trial court. On appeal from a denial of injunctive relief, our inquiry is whether the trial court clearly abused its discretion. *Hollingsworth v. Szczesiak,* 32 *Del.Ch.* 274, 84 *A.2d* 816

(1951); *Maisano v. Spain,* 17 *Del.Ch.* 133, 150 *A.* 20 (1930); *Hammerberg v. Leinert,* 132 *Conn.* 596, 46 *A.2d* 420 (1946); *Western Maryland Dairy, Inc. v. Chenowith,* 180 *Md.* 236, 23 *A.2d* 660 (1942); *Rick v. Cramp,* 357 *Pa.* 83, 53 *A.2d* 84 (1947).

We do not think that the Court below abused its discretion in denying to the plaintiffs the mandatory injunction they seek for the removal of the encroachment. The Chancery Court found the plaintiffs' position so inequitable as to deprive them of injunctive relief. This conclusion was clearly warranted because, *inter alia,* the plaintiffs should have known of the encroachment and should have sought injunctive relief, if that was their objective, years before the commencement of this action. Compare *Richard Paul, Inc. v. Union Improvement Co.,* 33 *Del.Ch.* 113, 91 *A.2d* 49 (1952); *Welshire, Inc. v. Harbison,* 33 *Del.Ch.* 199, 91 *A.2d* 404 (1952).

For this reason, and others set forth in its opinion, we think that the Court below acted well within its discretion in withholding injunctive relief as being inequitable, and leaving the plaintiffs to their claim for money damages.

Accordingly, the partial summary judgment is affirmed and the cause remanded for disposition of the issue of damages.